No. 13674

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

RONALD G. MORRIS,

                Plaintiff and Respondent,

    -vs-

C. C. COMMUNICATIONS CORPORATION,

                Defendant and Appellant.

---

Appeal from:  District Court of the Eleventh Judicial District,
                Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        Astle and Astle, Kalispell, Montana
        William E. Astle argued, Kalispell, Montana

    For Respondent:

        Warden, Walterskirchen & Christiansen, Kalispell,
         Montana
        Gary R. Christiansen argued, Kalispell, Montana

---

                Submitted:  October 7, 1977

                  Decided: DEC 2 1977

Filed: 1977

*Thomas J. Kearney*
                      Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

C. C. Communications Corporation, a Florida based company, appeals from a judgment of the Flathead County District Court awarding the plaintiff-employee vacation pay and overtime pay, together with the statutory penalties under Montana's wage statutes. C. C. Communications Corporation also appeals from the District Court's dismissal of a counterclaim it had filed against the employee.

The employer's contentions are: First, the evidence was not sufficient to justify the award of vacation pay; second, the evidence was not sufficient to sustain any agreement by the employer to pay overtime to the employee; and third, it was denied a fair trial on its counterclaim because the District Court improperly limited cross-examination of the employee.

The employment history involved here started with the employee becoming employed by the VanVelkinburg Company in September, 1970. On March 6, 1972, he went to work for the C. C. Communications Corporation, a "sister corporation" to the VanVelkinburg Company until 1974.

In October, 1975, the employee was transferred from Toronto, Canada, to Kalispell, Montana to provide emergency help to the Northwestern Telephone Systems during a strike. At all times the employee was employed by and paid by C. C. Communications Corporation although there was no written contract of employment between them. The employee continued to work for the C. C. Communications Corporation until December 31, 1975, when he resigned because of a dispute relating to payment of wages. This dispute led to the filing of a wage claim, which is the subject of this appeal.

The dispute as to the employee's right to vacation pay centers around a determination of his anniversary service date of

employment. The employer concedes that if the anniversary service date is September of 1970, the employee is entitled to vacation pay. The employer contends, however, that the anniversary service date is March, 1972, and, therefore, the employee is not entitled to vacation pay. In this respect, this was strictly a factual question presented to the District Court and resolved against the employer. There being sufficient evidence in the record to support this finding, we cannot set it aside. Rule 52, M.R.Civ.P.; Luppold v. Lewis, ___Mont.___, 563 P.2d 538, 34 St.Rep. 227, 229 (1977).

The employer relies entirely on its policy manual of employment, which states that an employee cannot "bridge" work experience from another employer for the purpose of obtaining benefits from C. C. Communications Corporation. The only policy manual introduced in evidence was that which was introduced by the employee. This manual had an effective date of January, 1975, which was after the date the employee went to work for the employer. Moreover, the employee testified that this was not the policy of the employer when he first went to work. He illustrated this by testifying that the first year he went to work for C. C. Communications Corporation, he was paid two weeks' vacation benefits. The policy manual required an employee to be employed two years before he was entitled to two weeks' vacation benefits. This was strong evidence that the policy in effect at the time the employee first went to work for C. C. Communications Corporation was not the same as that shown by the employment policy manual bearing the 1975 date. It demonstrated that C. C. Communications Corporation did allow the employee to "bridge" his employment from VanVelkinburg Company to C. C. Communications Corporation. The employer did not refute the employee's testimony. Accordingly, the District Court properly ruled that the employee was entitled to vacation pay.

The issue of overtime pay also involves a factual determination that the District Court resolved against C. C. Communications Corporation. The employer's sole contention is that it is not bound to pay overtime wages to the employee because there is no evidence that it had agreed to do so. The employer contends that the employee had agreed to work for a flat salary. However, there was substantial evidence from which the District Court could conclude that the employer had agreed to pay overtime wages to the employee.

The employee introduced exhibits showing that he was paid on an hourly basis rather than on a salary for this particular job. These exhibits also showed that C. C. Communications Corporation had regularly billed its client (Northwestern Telephone Systems) for the employee's overtime hours. During this entire period the employee submitted time sheets indicating the overtime hours he had worked. Moreover, the testimony of a manager of C. C. Communications Corporation, together with that of another employee, supported the employee's contention that there was an agreement to pay $500 a week for 40 hours and time and a half for anything over a 40-hour week. During the course of the employment, the manager continued to assure the employee of compensation for overtime. Based on these assurances, the employee continued to work overtime.

The employer called one management witness who testified that there was no agreement for the employee to receive overtime pay and that the employee was on a salary. Given this conflict in the evidence, the question was one of fact for the District Court to resolve. Schulz v. Fox, 136 Mont. 152, 345 P.2d 1045 (1959). Clearly, it was the province of the District Court to resolve any discrepancies.

The third issue relates to the employer's counterclaim, which in essence charged that the employee did not properly account

for funds entrusted to him. Before trial the employer took the employee's deposition, and also submitted detailed interrogatories to the employee concerning the funds, which interrogatories were answered. The employer also obtained the employee's records relating to the money entrusted to him. The trial was held in one day, August 17, 1976. Near the end of the trial, just before cross-examination of the employee started, the trial judge stated to · counsel: "I will give you five minutes [to cross-examine]." Counsel contends that this limitation deprived the employer of a fair trial. On the facts before us, we do not agree.

The trial judge's statement to employer's counsel was not made in the context the employer asserts. It was 5:00 p.m. and the trial judge asked employee's counsel how much time he needed before he finished the direct examination. The answer was that he was finished with the employee, and then would call another witness for a brief examination. At the conclusion of the examination of the employee, the employer's counsel stated to the court:

> "MR. ASTLE: Your Honor, I will attempt to be very brief. I have a few questions, just very brief.
>
> "THE COURT: I will give you five minutes."

From this it is obvious that counsel in effect told the court he needed only a few minutes to do the entire cross-examination. Counsel did not object to this time limitation and conducted a very brief examination concluding with the remark: "Your Honor, I have no further questions." Moreover, at the completion of this cross-examination, another witness was called to testify, was examined, cross-examined, and examined again on re-direct before the completion of the day-long trial. Counsel at no time indicated he needed more time to examine either witness.

At the conclusion of trial, the trial judge suggested that because of the voluminous and complicated records as to the accounting,

the parties might like to submit them to an accountant for proper study. The accountant could then make a report to the court. The employer never took up this suggestion nor suggested at a later time that it wanted an accountant to do a detailed study of the records.

In the employer's motion in the District Court for a new trial, counsel did not point out the need for further questioning, and did not show in any way how additional cross-examination would have, or even might have, benefited the employer.

Under these circumstances we cannot say the employer was denied a fair trial because of time restrictions placed upon the cross-examination of the employee.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices